JACOBS and wife, Appellants, v. STACK and another, Respondents.

*No. 339. Submitted April 2, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 364.)

674

For the appellants the cause was submitted on the brief of *Marcovich & Cochrane* of Superior.

For the respondents the cause was submitted on the brief of *John P. Foley* and *Davis, Witkin, Foley & Weiby,* all of Superior.

HEFFERNAN, J. The trial judge properly applied the rule that, in reviewing a jury's verdict, the test to be applied is "whether there was *any credible evidence* which supported the jury's answer." *Home Savings Bank v. Gertenbach* (1955), 270 Wis. 386, 392, 71 N. W. 2d 347, 72 N. W. 2d 697.

The trial judge's memorandum opinion demonstrated that he followed the admonitions of this court in respect to the granting of the directed verdict.

"A verdict should only be directed against a plaintiff where plaintiff's evidence, giving it the most-favorable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor." *Davis v. Skille* (1961), 12 Wis. 2d 482, 484, 107 N. W. 2d 458.

The trial judge also correctly applied the rule to be used on the review of a jury's apportionment of negligence.

However, if our review of the verdict, giving to the facts the most favorable construction they will bear, fails to show that there is any credible evidence of any negligence on the part of the defendant, it is unnecessary to indulge in a review of the jury's apportionment. Since the negligence of the plaintiff for failure to yield the right-of-way is conceded, a finding that there is no credible evidence to support the jury's finding that Stack was negligent must result in an apportionment of 100 percent of the negligence to Joan Jacobs. We find that to be the outcome of our analysis.

Stack was found negligent as to speed. This finding is unsupported. Joan Jacobs formed no estimate of his speed until he was only two or three feet away, and then she said only that he was going "pretty fast." That term is vague and has no probative value. At the time of her conclusion Joan Jacobs was directly in front of the Stack truck and was in no position to form a credible estimate of speed. The observation under the circumstances is not probative of any finding that Stack was exceeding the 25 mile an hour speed limit. *See Ronning v. State* (1924), 184 Wis. 651, 658, 200 N. W. 394; *Gerbing v. McDonald* (1930), 201 Wis. 214, 219, 229 N. W. 860, for discussion of the circumstances in which such vague descriptions of speed may be probative.

Testimony of Officer Nolan also was introduced, purportedly in respect to speed. He was not at the scene of the accident but was there shortly thereafter and estimated that the Stack vehicle left skid marks of 32 feet. He was unable to say definitely that the skid marks of the front and rear tires did not overlap. If they did, his estimate was an overstatement of the length of the skid marks by the distance between the front and rear tires. Even were there no overlap, the skid marks are not probative of an excessive rate of speed. The police officer relied upon the table of stopping distances appearing in the "Manual for Motorists." *Fischer v. Fischer* (1966), 31 Wis. 2d 293, 308 fn. 1, 142 N. W. 2d 857. On the basis of those tables, he concluded that the speed at the time the brakes were applied was 29 miles per hour. He did not qualify as an expert witness, and his opinion was based solely on the skid mark tables. Those tables show, however, that at a speed of 20 miles per hour skid marks would measure 18–22 feet. At 30 miles per hour the skid marks would measure 36–45 feet in length. Simple arithmetical interpolation reveals that the officer's opinion of a speed of 29 miles per hour

cannot be sustained on the basis of the stopping distance table. Giving the table full probative effect, for the purposes of testing the plaintiff's argument, it is apparent that it reveals that Stack was travelling at a speed of less than 25 miles per hour. Since Officer Nolan did not qualify as an expert opinion witness and because his estimate based on the stopping tables is contrary to simple mathematics, his testimony is incredible and must be disregarded.

Nor do we find the damage to plaintiff's car evidence of Stack's excessive speed. The damage was not so excessive that a jury could, on the basis of common knowledge, or the judge, as a matter of judicial notice, conclude that it had to be the result of excessive speed. No expert opinion was submitted to aid the jury. The fact that the repair bill to the new 1968 automobile was over $1,200 proves not excessive speed but high cost of repairing an automobile.

There was no evidence of speed on the part of Stack.

In respect to management and control, the plaintiff argues that if the defendant was travelling at a proper speed, and was not at fault as to lookout, he could have turned to avoid the accident, and his failure to do so constituted negligence as to management and control. The trial judge did not agree, nor do we. The trial judge pointed out that there was evidence that Stack did attempt to turn, and that he had very little time in which to do so. The uncontroverted evidence is that Joan Jacobs invaded Stack's lane of traffic on the arterial street. Under these circumstances Stack was confronted as a matter of law with an emergency, which would exonerate him from negligence as to management and control. We need not reach that conclusion, however, for there simply was no evidence to show that Stack failed to properly manage and control his vehicle after he realized the danger. As the trial judge properly

pointed out, the jury went completely wrong. It could not, under the facts, find Stack negligent in this respect.

We accordingly conclude, giving full weight to any credible evidence supporting the verdict, and we find there is none, that the trial judge properly directed the verdict for the defendant.

Since there was no negligence properly attributable to the defendant, and because the plaintiff's negligence in respect to invading the right-of-way is conceded, there is no occasion to assess the jury's apportionment of negligence. The plaintiff was 100 percent at fault.

*By the Court.*—Judgment affirmed.