MILES, Plaintiff-Respondent, v. ACE VAN LINES & MOVERS, INC., Defendant and Third-Party Plaintiff-Appellant: THOMPSON, and others, Third-Party Defendants.

*No. 673 (1974). Submitted on briefs April 12, 1976.—Decided May 4, 1976.*

(Also reported in 241 N. W. 2d 186.)

540

For the appellant the cause was submitted on the briefs of *Robert A. Slattery, James D. Friedman* and *Frisch, Dudek & Slattery, Ltd.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Lee F. Calvey, James A. Baxter* and *Schellinger & Doyle, S. C.* of Milwaukee.

ROBERT W. HANSEN, J. This appeal involves (1) whether the negligence of plaintiff was causal, (2) whether the damages awarded were excessive, and (3) whether a prejudicial time-segment argument was made to the jury by plaintiff's counsel.

*"Cause" or "legal cause."*

On the issue of whether the negligence of the plaintiff, as found by the jury, was causal as a matter of law, it is to be noted that neither trial counsel nor the trial court had before them the recent ruling of this court in *Sampson v. Laskin.*[1] In that case the plaintiffs fell while straddling an open gap in an elevator shaft which they had bridged with a steel plate to facilitate the removal of barrels from the elevator. There, as in the case before us, the plaintiffs were found by the jury to have been negligent in voluntarily placing themselves in a position of peril but there, as here, such negligence was found not to be causal.

As to the test of whether negligence is causal, in *Sampson* this court held that:

---

[1] (1975), 66 Wis. 2d 318, 224 N. W. 2d 594.

"In this state negligence is causal if it is a substantial factor in producing the injuries or death complained of. The cause of an accident is not determined by its most immediate factor. The doctrine of proximate cause in the strict sense of that term has been abandoned for the substantial-factor concept of causation to properly express 'cause' or 'legal cause.' Consequently, there may be several substantial factors contributing to the same result."[2]

In the *Sampson Case* the jury had found that the plaintiffs were negligent with respect to their own safety. Our court held that such finding was clearly supported by the evidence.[3] We held that, as employees of an independent contractor, the plaintiffs' duty was "to exercise ordinary care for their safety."[4] In the case before us the evidence is undisputed that the plaintiff voluntarily and without invitation abandoned a position of safety and interjected himself into the table-moving operation. He placed himself in a position, straddling the railing and reaching down to dislodge a table that was stuck in the eaves. This was the precarious position from which he ultimately fell to the ground. Thus he placed himself in a position of clear and obvious danger. The jury properly found that the plaintiff was negligent "with respect to his own safety." That jury finding as to negligence of the plaintiff is clearly supported by the evidence in this record.

In the *Sampson Case* the jury found that the negligence on the part of the plaintiffs was not causal. Of this jury finding as to noncausation, our court said: "That finding cannot stand."[5] Our court went on to observe: "Under the substantial-factor test, the negligence of the plaintiffs, to wit, the acts on their part that resulted in

[2] *Id.* at page 325.
[3] *Id.* at page 326.
[4] *Id.* at page 327.
[5] *Id.* at page 328.

their standing, pushing a heavy barrel, straddling an 18-inch gap over a 26-foot drop, one with grease on the bottom of his shoes, certainly was a substantial factor in causing their fall."[6] Our court concluded that plaintiffs in *Sampson* were, as a matter of law, guilty of contributory negligence, ". . . meaning negligence that contributed to their falling as a substantial factor in causing the falling."[7] In the case before us we similarly hold that the negligence of the plaintiff, to wit, the acts on his part that resulted in his standing, straddling and leaning over the railing of a second floor porch, lifting or pushing a table away from the porch, constituted negligence that contributed to his injuries when the railing gave way and he fell from the porch to the ground below. As a matter of law, the negligence of the plaintiff was causal in nature under the substantial-factor test. Such holding not only applies the *Sampson* rationale but follows our holding in the *Mustas Case*.[8] There a plaintiff was found by the jury to have been negligent in failing to observe ice and a concrete block on a floor. The jury there also found such plaintiff-negligence not to have been causal. Our court reversed, holding as a matter of law that the negligence of the plaintiff in failing to observe the dangers present was causal. In *Mustas* our court said: "In the present case a causal connection between Mustas' failure to exercise reasonable care for his own safety to discover the ice and the concrete block is so clear by the undisputed facts that we must hold as a matter of law it was a substantial factor in producing his fall."[9] So, in the case before us, we hold that the negligence of the plaintiff in placing himself in a position of danger was, as a

[6] *Id.* at page 328.

[7] *Id.* at page 328.

[8] *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 120 N. W. 2d 95, 121 N. W. 2d 274.

[9] *Id.* at page 203.

matter of law, a substantial factor in causing the injuries sustained.

In both *Sampson* and *Mustas,* our holding that the negligence of the plaintiffs, as found by the juries, was causal as a matter of law required reversal, plus a remand for a new trial on the issue of the comparison of the causal negligence between plaintiff and defendant. Exactly that result is required in the case before us and is herewith mandated.

*Award of damages.*

Appellant Ace Van Lines also contends that the jury award to the plaintiff of $6,500 for future loss of earning capacity and $40,000 for pain, suffering and disability is excessive. At first blush it would certainly seem that the total damages here awarded for a fractured ankle are high to the point of being excessive. However, review of the record reveals evidence to separate this case from the usual award made in a fractured ankle case. Here the plaintiff testified to wearing a cast for seven weeks, and to constant pain for several weeks. His work is that of television cable company employee, required to climb twelve to forty telephone poles a day, ten hours a day. His testimony was that the ankle pained him at work and when he walked, and remained swollen at night.

More important, on the issue of excessiveness, the examining physician, Dr. Elliott Coles, testified that the plaintiff should undergo a fusion operation to solidify bones in the ankle. Without such operation, the plaintiff would continue to have pain, to limp and to have little movement in the ankle. With such fusion operation performed, the plaintiff would have less pain but would have no movement in his ankle and would be out of work for approximately six months. Given this medical testimony, plus evidence of considerable atrophy of the right calf attributable to the ankle injury, plus other evidence bearing on future loss of earning capacity, we find the jury award of $6,500 for future loss of earning

capacity and of $40,000 for pain and suffering not to be excessive. This record does not disclose a substantial enough reason for reversing the trial court's determination that the damage award, as reduced by the trial court, is not excessive.[10]

*Argument to the jury.*

Finally, appellant Ace Van Lines contends that, in his closing or rebuttal argument to the jury, the plaintiff's attorney made a time-segment or per diem argument for damages. Such time-segment measuring stick as to damages was declared improper in a fairly recent case.[11] It does appear that the plaintiff's attorney coupled a reference to a suggested damage figure of $44,700 with a reference to the plaintiff's life expectancy being 44.7 years. However, even if such reference were held to be prejudicial to a degree warranting consideration of reversal as to the damage award, no objection was made to the reference prior to the return of the jury verdict. Such failure to timely object constitutes a waiver of the right to object to the argument made.[12]

*By the Court.*—Judgment affirmed as to damages. Judgment reversed as to the issue of comparative negligence between plaintiff and defendant and cause remanded for a new trial on such issue only. The trial court shall find plaintiff, Daniel Miles, and defendant, Ace Van Lines & Movers, Inc., causally negligent consistent with this opinion. The jury shall hear the evidence and determine the question of the comparative negligence of plaintiff and defendant. With one issue raised requiring reversal, and other issues raised involving affirmance, the court elects not to award costs for this appeal to either appellant or respondent.

[10] *See: Gross v. Denow* (1973), 61 Wis. 2d 40, 212 N. W. 2d 2.

[11] *Affett v. Milwaukee & S. T. Corp.* (1960), 11 Wis. 2d 604, 106 N. W. 2d 274.

[12] *See: Ash v. American Family Mut. Ins. Co.* (1967), 33 Wis. 2d 592, 601, 148 N. W. 2d 58.