**Sheryn Kautz FIETZER and Oward Kautz, Plaintiffs-Appellees,**

v.

**FORD MOTOR COMPANY, Defendant-Appellant.**

**No. 78–1070.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 28, 1978.
November 27, 1978. \*

---

\* This appeal was originally decided by unreported order on November 27, 1978. See Circuit

Rule 35. The Court has subsequently decided to issue the decision as an opinion.

See also D.C., 454 F.Supp. 966.

Walter L. Merten, Milwaukee, Wis., for defendant-appellant.

Peter S. Nelson, Appleton, Wis., for plaintiffs-appellees.

Before FAIRCHILD, Chief Judge, WISDOM, Senior Circuit Judge,[**] and WOOD, Circuit Judge.

PER CURIAM.

This is an appeal by defendant Ford Motor Company (Ford) from a judgment entered upon a jury verdict in April, 1977, in favor of plaintiff, Sheryn Kautz Fietzer. The total judgment is $469,303.19 plus costs. Jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332.

This action arose out of a two-car accident on the evening of October 4, 1969, in New London, Wisconsin. Plaintiff Fietzer was driving a 1964 Mercury Comet which was rear-ended by a 1969 Plymouth driven by Douglas Hilker. Plaintiff's most serious injuries were burns caused by ignited gasoline in the passenger compartment.

Plaintiff's claim against Ford is that the design of the fuel tank in the Comet was unreasonably dangerous.

Although there was conflicting testimony on various details, the following recital of facts will suffice for present purposes. Where the accident occurred, Highway 45, is a two-lane highway running north and south. Plaintiff and a passenger were leaving a drive-in restaurant which was located on the west side of the highway. The speed limit was 45 m. p. h. Fietzer testified that after looking out for traffic, she completed her entry onto Highway 45, and drove north. She proceeded about 75 feet and was moving at 15 to 20 m. p. h. She looked in her rearview mirror and saw headlights. She remarked to her passenger, Judy Rohloff, that the other car "was coming awfully fast." She did not remember the impact or what happened immediately after impact.

[**] Senior Circuit Judge John M. Wisdom of the United States Court of Appeals for the Fifth Circuit is sitting by designation.

The driver of the Plymouth, Douglas Hilker, had six "whiskey and sours" and "a couple of beers" during the late afternoon and early evening before the accident. Hilker testified that his speed was between 45 and 60 m. p. h. before impact. He also testified that he did not see the Comet in the driveway, but all of a sudden saw it in front of him; that he could not brake quickly enough to avoid the accident.

Rohloff testified that immediately after impact there was fire coming from the rear of the passenger compartment of the Comet. It spread to the entire interior within seconds.

Plaintiff's injuries were burns to 80% of her body. There was also testimony that she received contusions, abrasions, and cervical and lumbar strain.

Plaintiff presented testimony that the fuel system was defective in that: the gas tank was flange mounted; the top of the tank was the floor of the trunk; the filler neck was located in the trunk and easily separable from the tank; that there was no firewall between the tank and the passenger compartment.

The expert testimony concluded that the fuel tank was defective and unreasonably dangerous; and the defective fuel system and the absence of the firewall were a cause of plaintiff's burns.

There was little dispute at the trial regarding the damage to the Comet. The passenger side of the car was pushed into the tank; the tank was pushed forward about ten inches; the tank was crushed about twelve inches; the back end of the car was pushed up into the wheel housing on the left side; the trunk lid was pushed into the rear window.

In a special verdict, the jury found Hilker negligent, but that his negligence was not a cause of plaintiff's injuries. The jury found the 1964 Comet in a defective condition which made it unreasonably dangerous to its users, and that such defect was a cause of the plaintiff's injuries. The jury found plaintiff not negligent.

I

The plaintiff had brought an action against Hilker, but had settled. The form of settlement not only disposed of liability to plaintiff, but cut off any right Ford might have to contribution from Hilker. Accordingly, Hilker's degree of responsibility for plaintiff's injuries was an issue in the trial of the action against Ford only as a predicate for reducing the amount of Ford's liability to plaintiff to compensate for its loss of a right to contribution from Hilker. *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963).

The main issue on this appeal is whether there was credible evidence on which the jury could find Hilker's negligence not a cause of plaintiff's injuries. A secondary issue is whether plaintiff was negligent as a matter of law.

In *Arbet v. Gussarson,* 66 Wis.2d 551, 225 N.W.2d 431 (1975) the Wisconsin Court considered a "crashworthiness" products liability case and decided that an automobile manufacturer is subject to strict liability where a car was defectively designed so that it was unreasonably dangerous in an accident.

The Court pointed out at page 557 that it is not important that the defect did not actually cause the initial accident as long as it was a substantial factor in causing injury. The Court quoted with approval from *Larsen v. General Motors Corp.,* 391 F.2d 495 (8th Cir. 1968), including a comment on the portion of an injury for which a manufacturer would be liable.

"Any design defect not causing the accident would not subject the manufacturer to liability for the entire damage, but the manufacturer should be liable for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design." *Arbet,* 66 Wis.2d at 561, 225 N.W.2d at 437, quoting from *Larsen* at 503.

Because *Arbet* came to the Court on the pleadings, the decision did not deal with problems of proof at trial. In the instant case, although the testimony suggests that plaintiff may have sustained a minor degree of injury independently of the fire, no great point was made of that. Apparently the parties were satisfied under the circumstances not to attempt having a jury identify the injuries attributable solely to the defective design. See discussion of the similar problem in multiple impact cases: *Johnson v. Heintz,* 73 Wis.2d 286, 301–05, 243 N.W.2d 815 (1976).

In *Arbet,* the Court set out the test for causal negligence.

The test of cause in Wisconsin is whether the defendant's negligence was a substantial factor in contributing to the result. It need not be the sole factor, the primary factor, only "a substantial factor." *Arbet,* 66 Wis.2d at 557–8, 225 N.W.2d at 435.

In applying this test, the Wisconsin Supreme Court has overturned jury verdicts in several cases where two or more persons are found by the jury to be negligent, but the jury found the negligence of some not causal. *Sampson v. Laskin,* 66 Wis.2d 318, 224 N.W.2d 594 (1975); *Miles v. Ace Van Lines & Movers, Inc.,* 72 Wis.2d 538, 241 N.W.2d 186 (1976); *Mustas v. Inland Construction Co.,* 19 Wis.2d 194, 120 N.W.2d 95 (1963); *Wittig v. Kepler,* 275 Wis. 415, 82 N.W.2d 341 (1957).

In *Sampson v. Laskin, supra,* involving a construction site accident, the jury found the defendant contractor and both plaintiffs, construction workers, negligent. However, the jury found the two plaintiffs' negligence not causal. The Supreme Court reversed, holding that the jury finding of plaintiffs' negligence was clearly supported by the evidence, but that their negligence was, as a matter of law, a substantial factor in causing their fall.

■ In the instant case, plaintiff's position is that, assuming the least possible impact which the evidence would permit the jury to find, the jury could reasonably have found that Hilker's negligence in causing the impact was not a substantial factor in causing the burn injuries. Ford, on the other hand, points to the severity of the impact and damage to the Comet and contends that it is wholly unreasonable for a jury to exonerate the negligent driver from responsibility for the injuries. We agree with the defendant's contention as a matter of common sense and are of the opinion that the Wisconsin Court would deal similarly with the facts before us. To find Hilker's conduct which resulted in such severe impact not causal of plaintiff's injuries is beyond the bounds of reason.

It may well be that not all negligence which activates a defective condition in a product is necessarily a substantial factor in the cause of the resulting injuries. For example, assume that, in bumper to bumper traffic, a driver negligently "taps" the vehicle in front of him at a slow speed. This slight impact activates a defect in the fuel system which causes fuel leakage which ignites from a spark from a shorted wire in the trunk compartment. If we assume that the impact was of such minor degree as almost certain to occur on occasion, a jury might reasonably find that the negligence which caused the "first accident" was not a substantial factor in the injuries which resulted from the defect. But that is not the present case.

We recognize, of course, that the cause question is for the jury in all cases where different answers are within the bounds of reason. In the facts of this case, however, we think there was causation as a matter of law.

II

■ Ford insists that plaintiff was causally negligent as a matter of law. She testified that she looked toward the south before entering the highway, but saw no cars. Ford's argument is that Hilker's car must then have been in plain sight. There was evidence, however, of a dip in the highway to the south, and the district court concluded that the dip could have obstructed plaintiff's view. Ford contends (1) that

the dip was insufficient to hide a car, and (2) that the distance between her and the dip was too great to support the court's conclusion. Ford argues that on any reasonable hypothesis as to the speed of the two cars and the distance plaintiff traveled, Hilker's car must have been between her and the dip when she entered the highway. There was no proof of the depth of the dip and the testimony on distance is equivocal. Hilker's speed may have been 90 feet per second on his own testimony and a higher speed may have been inferred. The number of seconds plaintiff traveled before the collision was also open to inference. Ford is asking that we find her negligent as a matter of law on the basis of physical facts it could readily have clarified, but failed to prove. We decline to do so.

### III

■ Ford concedes, for the purpose of appellate review, that there was evidence to support the jury finding that the Comet was defective and unreasonably dangerous, although, of course, it had produced evidence to the contrary. Ford asserts, however, that there was no credible evidence to support the finding that the defect was a cause of plaintiff's injuries.

As conceded also, plaintiff's expert described the defects he found, gave an opinion that the defect was a substantial factor in causing plaintiff's injuries, and explained how the defective portions of the fuel tank system failed, allowing the fire to spread into the passenger compartment.

Ford produced expert testimony that no design would have withstood an impact of similar force, and points out that there is no opposing testimony couched in similar terms.

We think that the testimony presented a jury question as to causation as well as to the existence of a defect, and that expert testimony framed in the particular terms suggested by Ford was not essential to making out a case.

### IV

■ In the course of the testimony of Mr. Kubly, plaintiff's expert, he referred to designs of several comparable cars. He produced a photograph of an example of each comparable except a particular model Volvo. He testified he had found one of those in a salvage yard and had drawn a sketch. The sketch indicated damage from a rear-end crash, but he testified the damage did not include the gas tank area.

Ford took photographs of a Volvo at the salvage yard and these photographs revealed greater damage. Kubly denied that these photographs depicted the car he had sketched.

Ford called the operator of the salvage yard. He testified he had two Volvos in his yard at the time of trial. When asked to describe their color, there was an objection to materiality. The court sustained the objection saying the "probative value is so minimal it isn't worth our time." There was no offer of proof. We are not persuaded there was an abuse of discretion.

### V

■ The issues for retrial are limited. The answers to Special Verdict Questions 1 (negligence of Hilker), 3 (defective condition of the Comet), and 8 (damages) have not been challenged. We have sustained the answers to Questions 4 (defective condition causal of plaintiff's injuries) and 5 (plaintiff not negligent). All these answers shall control further proceedings. On retrial the district court shall find Douglas Hilker causally negligent as a matter of law. The jury shall hear the evidence and determine the question of the comparative negligence of Hilker and defendant. This limitation on retrial is consistent with the decisions of the Supreme Court of Wisconsin in similar cases. *Sampson v. Laskin,* 66 Wis.2d 318, 336, 224 N.W.2d 594 (1975); *Miles v. Ace Van Lines & Movers, Inc.,* 72 Wis.2d 538, 545, 241 N.W.2d 186. We know of no reason why a federal appellate court should not make similar directions on remand.

The judgment appealed from is REVERSED and the cause REMANDED to the district court for a new trial, limited as directed in this opinion. No costs on appeal to either party. The new trial shall be conducted by the same judge as before.

REVERSED and REMANDED.