PIEPER, and another, Appellants, v. NEUENDORF TRANS-PORTATION COMPANY, and others, Respondents.

Supreme Court

*No. 76–113. Submitted on briefs November 1, 1978.— Decided January 30, 1979.*
(Also reported in 274 N.W.2d 674.)

For the appellants the cause was submitted on the brief of *Daniel G. Sandell* and *Johnson, Bieber & Swingen* of Madison.

For the respondents the cause was submitted on the brief of *Boardman, Suhr, Curry & Field* of Madison.

SHIRLEY S. ABRAHAMSON, J. This appeal is taken from the trial court's order vacating the jury verdict and granting a new trial.[1] We affirm the order.

---

[1] Sec. 805.15, Stats., provides in part:

"805.15 **New trials.** (1) MOTION. A party may move to set aside a verdict and for a new trial because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence,. or because of excessive or inadequate damages, or because of newly-discovered evidence, or in the interest of justice. Orders granting a new trial on grounds other than in the interest of justice, need not include a finding that granting a new trial is also in the interest of justice.

The facts may be summarized as follows: Gilbert Pieper was employed as a mechanic and wrecker driver at Don's Sunoco, Madison, a business owned and operated by Don Rolling. On September 3, 1974, Neuendorf Transportation Company delivered a 1,200 pound pipe bending machine to Don's Sunoco. Neuendorf had informed Rolling prior to the delivery that Rolling would need equipment to unload the machine from the truck.

Rolling had planned to unload the machine with his wrecker. In preparation for this unloading, the machine's cardboard wrapping was removed. The wrecker could not be used and Rolling suggested to Pieper, his two other employees and the Neuendorf driver that the machine be unloaded manually. The plan was to stack tires under the tailgate of the truck and then glide the machine off the truck and onto the tires; the tires would act like a cushion as the machine slid to the ground.

Pieper testified at trial that he had observed that the machine was heavy and top heavy. He admitted that he never expressed an opinion on whether the plan was a good or bad idea; he never objected to the plan. He participated in removing some heavy dies from the bottom of a skid underneath the machine which made it even more top heavy. He observed a two-foot space between the highest truck tire and the truck bed.

The men proceeded to unload the truck. The Neuendorf driver stood on the truck bed while Rolling, Pieper, and two other employees stood on the ground pulling the machine off. Pieper was guiding the machine. Before the machine reached the tires, it tipped over, hit Pieper on the shoulder, knocked him down, and then fell across

"(2) ORDER. Every order granting a new trial shall specify the grounds therefor. No order granting a new trial shall be valid or effective unless the reasons that prompted the court to make such order are set forth on the record, or in the order or in a written decision. In such order, the court may grant, deny or defer the awarding of costs."

his foot. Pieper sued Neuendorf, Neuendorf's insurer and the Neuendorf driver.

Special verdict questions were submitted to the jury, and the jury concluded that Rolling, Pieper and Neuendorf (through it driver) were negligent with respect to the unloading of the truck and that the negligence of Rolling and of the Neuendorf driver caused Pieper's injuries. The jury responded that Pieper's negligence was not a cause of his injuries.[2] The jury attributed the causal negligence as follows: Neuendorf Transportation Company (by its driver), 50 percent; Rolling 50 percent; Pieper 0 percent.

In ruling on motions after verdict the trial court changed the jury's answer to the question regarding Pieper's causal negligence from "no" to "yes". The trial court conclude that if the jury found Pieper negligent

---

[2] The questions and answers were as follows:

"QUESTION #1: At and prior to the accident was the defendant, Neuendorf Transportation Co. by its employee, Michael Langer, negligent with respect to the unloading of the truck?

"ANSWER: Yes

"QUESTION #2: Was such negligence on the part of the defendant, Neuendorf Transportation Co. by its employee, Michael Langer, a cause of the injuries sustained by the plaintiff, Gilbert R. Pieper?

"ANSWER: Yes

"QUESTION #3: At and prior to the accident was the plaintiff, Gilbert R. Pieper, negligent with respect to the unloading of the truck?

"ANSWER: Yes

"QUESTION #4: Was such negligence on the part of the plaintiff, Gilbert R. Pieper, a cause of his injuries?

"ANSWER: No

"QUESTION #5: At and prior to the accident was Donald Rolling negligent with respect to the unloading of the truck?

"ANSWER: Yes

QUESTION #6: Was such negligence on the part of Donald Rolling a cause of the injuries sustained by the plaintiff, Gilbert R. Pieper?

"ANSWER: Yes"

as to the unloading of the truck, his negligence was a cause of his injuries as a matter of law.

"On the evidence presented, the court must conclude that having found plaintiff 'negligent with respect to the unloading of the truck' they could then only find that negligence to be causal. The plaintiff was where he was after some general discussion about how to unload the truck; he voluntarily, without any degree of protest, participated in several aspects of the unloading and finally was guiding the machine when it tipped and fell."

Because the jury made no comparison of Pieper's negligence, the trial court set aside the verdict and granted a new trial on the issue of negligence.

We agree with the trial court that the jury's finding cannot stand. Pieper's negligence was causal as a matter of law.

This court has frequently stated the rule that negligence is causal if it is a substantial factor in producing the harm. The phrase "substantial factor" denotes that the conduct has such an effect in producing the injury as to lead a reasonable person to regard it as a cause, using that word in the popular sense. *Merco Distg. Corp. v. Commercial Police Alarm Co.,* 84 Wis.2d 455, 458, 267 N.W.2d 652 (1978). There may be several substantial factors in any given case. Under the substantial factor test, Pieper's negligence, to wit, his voluntary participation in unloading the truck with knowledge of an open and obvious danger, clearly was one substantial factor in causing his injury.

In *Sampson v. Laskin,* 66 Wis.2d 318, 325, 224 N.W.2d 594 (1975), the employees fell while straddling an open gap in an elevator shaft which they had bridged with a steel plate. One employee had grease on the bottom of his shoes. The jury found both employees negligent with respect to their own safety because they voluntarily

placed themselves in a position of peril. However the jury found that the negligence was not causal. Setting aside the jury answer as to lack of causation, this court concluded that the employees "[were] as a matter of law . . . guilty of contributory negligence, meaning negligence that contributed to their falling as a substantial factor in causing the falling." *Id.* at 328.

In *Mustas v. Inland Construction, Inc.,* 19 Wis.2d 194, 120 N.W.2d 95 (1963), an employee sustained injuries when he slipped on an icy floor and fell, striking a concrete block that was frozen in the ice. The jury found that the employee was negligent as to his own safety in failing to observe the ice and cement block but that the negligence was not causal. This court set aside the jury answer as to causation and held that as a matter of law the negligence of the employee in failing to observe the dangers present was causal. "[A] causal connection between Mustas' failure to exercise reasonable care for his own safety to discover the ice and the concrete block is so clear by the undisputed facts that we must hold as a matter of law it was a substantial factor in producing his fall." *Id.* at 203.[3]

Pieper, citing *Leatherman v. Garza,* 39 Wis.2d 378, 386–7, 159 N.W.2d 18 (1968), correctly argues that this court cannot set aside the jury verdict if there is any credible evidence in the record which supports the jury's answer. However, Pieper fails to point out any evidence in the record which supports the jury's finding that while Pieper was negligent, his negligence was not a substantial factor in producing the injury. No such evidence can be found in the record. The trial court's decision to grant a new trial of the issue of the comparison of negligence must be affirmed.

---

[3] *See also Miles v. Ace Van Lines & Movers, Inc.,* 72 Wis.2d 538, 241 N.W.2d 186 (1976).

The trial court also granted a new trial on the issue of damages resting this decision on two grounds: (1) improper final argument by Pieper's counsel and (2) the appropriateness of having a new trial on all issues.

Counsels' closing arguments were not recorded. The only record of the alleged improper argument was made by counsel after the jury was sent out to deliberate:

"*Mr. McCormick:* On the record, I would like the record to show that the arguments of counsel have just been completed and the instructions of the court have just been completed, being my understanding that no record was made of the final argument. Therefore, I would like to put on the record that during his rebuttal argument, counsel for the plaintiff advised the jury of the Workmen's Compensation Carrier's right to share in the proceeds of this action under Sec. 102.29(1) and on that basis move for a mistrial.

"*The Court:* All right. The Court will take the motion under advisement.

"*Mr. Johnson:* On the record, I was about to talk about that, but I was interrupted by Mr. McCormick and promptly upon the Court's stopping me, I stopped.

"*The Court:* I think you got in all that you had to—that you wanted to get in in that regard, however. All right."

As a general rule this court will not consider an alleged error in closing argument absent a showing in the record of what was said.

"The reasons for not undertaking review where the exact remarks are not in the record are obvious. Slight changes in wording, emphasis and context may materially alter the perceived substance of the remarks." *Smith v. State,* 65 Wis.2d 51, 54, 221 N.W.2d 687 (1974).

The court has reviewed unreported remarks only when they were admitted on the record by the attorney who

made them, or were reconstructed by the trial court. *See* cases cited in *Smith v. State, supra,* at 54.

In the case at bar counsel objecting to the argument set forth the objectionable argument in general terms. Pieper's counsel claimed that he had intended to state the objectionable material but was interrupted before he finished his statement. The trial court's comments show that in the trial court's opinion Pieper's counsel had succeeded in putting before the jury the fact that Pieper would have to share his award with the workmen's compensation carrier. Pieper's purpose in discussing this issue with the jury was to induce the jury to give Pieper a higher award than it might otherwise have. The exact wording, emphasis or context of the objectionable argument probably is not material here. That the information was given to the jury is the critical factor, not the nuances. Under the circumstances of this case the record of the argument is sufficient to show that the trial court had adequate basis to conclude that an improper argument was made to the jury.

In the Decisions on Motions After Verdict the trial court granted a new trial on the issue of damages because

". . . the court has indicated on oral argument of the motions that the court felt the particular argument improper. That view persists and the court so finds. It is difficult to assess the effect of that portion of the argument upon the jury's verdict. It could have had some effect."

Thus the trial court concluded the improper argument may have had an effect on the jury's verdict. The trial court did not decide that the improper argument was in fact prejudicial. The trial court did not analyze the award to determine whether it was too high.

That the trial court did not expressly conclude that the improper argument affected the jury's award and

that the damages awarded were too high does not preclude it from ordering that the issue of damages be retried when the negligence issue must be retried because of error by the jury.

We have repeatedly stated that the scope of a new trial is discretionary with a trial court, and the question on appeal is whether the trial court abused its discretion. *Markey v. Hauck*, 73 Wis.2d 165, 173, 242 N.W.2d 914 (1976). This court has recognized that the trial court is generally in a better position to ascertain whether it would be just to require a party to relitigate the question of damages. *Just v. Misericordia Hospital*, 61 Wis.2d 574, 583, 213 N.W.2d 369 (1974); *Fouse v. Persons*, 80 Wis.2d 390, 401, 259 N.W.2d 92 (1977).

Where the court is ordering a new trial on some issues, and it appears that error may have affected other issues, the trial court may order that a full retrial should be had. When the trial court orders a new trial, the necessary showing on appeal of the prejudicial effect of improper argument is less stringent than when the trial court has entered a judgment on the verdict and the losing party on appeal seeks a new trial alleging the prejudicial effect of improper argument. *Klein v. State Farm Mut. Automobile Ins. Co.*, 19 Wis.2d 507, 510–511, 120 N.W.2d 885 (1963).

Pieper does not call our attention to any evidence or argument that would make it unjust to require him to relitigate the question of damages. Pieper makes no showing of particular hardship or prejudice if the issue of damages is relitigated. *Wintersberger v. Pioneer Iron & Metal Co.*, 6 Wis.2d 69, 77, 94 N.W.2d 136 (1959).

We hold that it was within the trial court's sound discretion to resolve its doubts about the effect of the

improper argument on the jury by awarding a new trial on the issue of damages where a new trial had already been found necessary on an issue other than damages.

*By the Court.*—The order setting aside the special verdict and granting a new trial is affirmed.