92 Wis.2d 542 (1979)
285 N.W.2d 626
BASTMAN, and wife, Plaintiffs-Appellants,
v.
STETTIN MUTUAL INSURANCE COMPANY OF MARATHON COUNTY, Defendant-Respondent:
KAISER, and another, Defendants.
No. 76-709.
Supreme Court of Wisconsin.
Submitted on briefs October 10, 1979.
Decided December 4, 1979.
*544 For the appellants the cause was submitted on the brief of Cwayna, Novitzke, Byrnes, Gust & Williams of Amery.
For the respondent the cause was submitted on the brief of W. Thomas Terwilliger and Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C., of Wausau.
DAY, J.
This is an appeal from a judgment dismissing, on the merits, plaintiffs' complaint for recovery for a fire loss under a town mutual fire insurance policy.
The principal question on appeal is: Was there credible evidence that defendant Stettin Mutual Insurance Company of Marathon County was "negligent in the manner in which they handled the insurance coverage on the Bastman property?"
The trial court ruled on motions after verdict that the insurance company was not negligent. We agree and affirm.
This suit was instituted by Arlyn Bastman and Judy Bastman, his wife, to recover for damage to buildings owned by them resulting from a fire on their property. The defendant, Stettin Mutual Insurance Company, had issued a five year fire insurance policy covering this property on May 25, 1972. The insurance company refused to pay the claim after the Bastmans filed a proof of loss on the theory that the policy was suspended at the time of the loss because the Bastmans had not paid the first premium due on the policy.
Upon trial of the case, the jury found Stettin Mutual Insurance Company negligent in handling the insurance coverage and that this negligence was the sole cause of the Bastmans' loss. The jury determined the loss to be $8,400.
The insurance company made motions after verdict to change the jury's answers to the negligence and causation questions and to dismiss the complaint. In an opinion *545 dated January 27, 1977, the trial judge granted the motion and on February 16, 1977, judgment was entered dismissing the Bastmans' complaint with prejudice. Appeal is taken from that judgment.
On July 2, 1973 at approximately 6 a.m., a fire destroyed a barn and damaged two silos owned by Arlyn and Judy Bastman.
The Bastmans had applied for, and received a fire insurance policy on this property on May 25, 1972, from the Stettin Mutual Insurance Company. The insurance policy, if effective at the time of this fire, would have covered this loss.
Jerome Kaiser, the insurance agent who drew up the policy for the Bastmans, testified that he discussed the billing practice of Stettin Mutual with Arlyn Bastman at the time he completed the application. Kaiser told Bastman that he would not be billed until October of 1972, but that coverage would begin as of the date of the application, May 25, 1972. The Bastmans wanted a policy which they could pay in the fall.
The Stratford State Bank held a mortgage on the insured property. The terms of the mortgage required that the property be insured against loss by fire. The Bank received the original copy of the insurance policy and the Bastmans and Jerome Kaiser, each received a copy of the declaration page.
During the last week of September, 1972, the insurance company began to send out notices of assessment to its policyholders. Payment of the assessment was due by October 31, 1972. The Bastmans testified on direct examination that they did not receive a notice of assessment that year although Judy Bastman, said in a deposition read into the record that they did receive one notice in 1972. The insurance company normally would send out two more notices if payment was not received on time from a policyholder.
*546 Mrs. Bastman testified that sometime during November, 1972, Mr. Kaiser called her and told her to send in a check for $66 payable to Stettin Mutual. Kaiser said he did not recall ever having the conversation with her, although it was possible that he may have made the call. The records of the company showed that the assessment actually due was $52.03.
The jury found that the Bastmans mailed a check to the company for $66.
The insurance company records did not show that payment had been made. The Bastmans did not receive their check back, cancelled or otherwise.
Judy Bastman testified that in the spring of 1973 she asked Mr. Kaiser over the phone whether they had insurance coverage on the barn and silos. He told her that they did and that there was nothing to worry about. Mr. Kaiser testified that the only conversation he had with the Bastmans in the spring of 1973 was with Arlyn Bastman. He said that Mr. Bastman asked him if the check that they mailed to Stettin Mutual was for the buildings down the road. Mr. Kaiser testified that he told Mr. Bastman: "It would have to be because you have no other insurance with Stettin Mutual."
When the fire occurred in July of 1973, the jury found payment on the policy had not been received by Stettin Mutual. In October, 1973, and again in October, 1974, notices of assessment were sent to Arlyn Bastman on the policy. His attorney sent in the check in 1973, but it was returned by the insurance company. The company, however, processed the 1974 check, though it contended that this was merely an error, and the company returned the money to Arlyn Bastman. In 1975, the insurance company formally cancelled the insurance policy.
The case was tried to a jury in November, 1976. The plaintiffs proceeded on two theories of recovery, one based on negligence and one based on contract. They *547 instituted suit originally against the insurance company, the mortgagee bank, and the insurance agent, Jerome Kaiser. They released the bank prior to trial for a settlement of $250. At the close of the plaintiffs' case they released the insurance agent for $1,100. The sole remaining defendant was the insurance company.
A special verdict was submitted to the jury. The jury was asked whether Stettin Mutual Insurance Company was negligent in the manner in which it handled the insurance coverage on the Bastman property, and whether this was a cause of the damage resulting from the fire. The jury answered both questions in the affirmative. On defendant's motions after verdict the trial judge changed the answers to the negative and dismissed the complaint.
[1-3]
After a jury verdict is returned, any party may make a motion in the trial court to change an answer in the verdict on the grounds of insufficiency of the evidence to sustain the answer given. Sec. 805.14(5) (c), Stats. 1975.[1] The test for sufficiency of the evidence to support a verdict is found in sec. 805.14(1), Stats. 1975, which provides:
"805.14. Motions challenging sufficiency of evidence; motions after verdict. (1) TEST OF SUFFICIENCY OF EVIDENCE. No motion challenging the sufficiency of the evidence as a matter of law to support a verdict, or an answer in a verdict, shall be granted unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is *548 no credible evidence to sustain a finding in favor of such party."
If there is any credible evidence which under any reasonable view, fairly admits an inference that supports a jury's finding, neither the trial court nor this Court should change that finding. Rodenkirch v. Johnson, 9 Wis.2d 245, 248, 101 N.W.2d 83 (1960); Jacobs v. Stack, 63 Wis.2d 672, 676, 218 N.W.2d 364 (1974). This requires that the evidence be viewed in the light most favorable to support the verdict. St. Paul Fire & Marine Ins. Co. v. Burchard, 25 Wis.2d 288, 293, 130 N.W.2d 866 (1964). "If there is credible evidence which supports a jury verdict, the action of a trial court in changing a jury verdict on the ground that it must be changed as a matter of law `... will be set aside on appeal.'" Smith v. Flash City Transit Co., 66 Wis.2d 595, 600, 225 N.W.2d 481 (1975); see also May v. Skelley Oil Co, 83 Wis.2d 30, 35, 264 N.W.2d 574 (1978).
The sole issue presented by the parties on this appeal is whether the trial court was correct in its determination that there was no credible evidence in the record that the Stettin Mutual Insurance Company was negligent in its handling of the insurance coverage on the Bastman property.
[4]
Stettin Mutual is a town mutual insurance company. The statutes govern both the manner in which assessments are levied by town mutuals as well as the consequences of a failure to pay an assessment when it falls due. Sec. 202.11 (4), Stats. 1971,[2] provides:
"202.11. Assessments; notices; nonpayment; borrowing money. . . . (4) Every member who shall fail to pay his assessment within the time specified in the notice *549 sent to him shall pay to such corporation a fine of 2 per cent of the amount of such assessment for each week or part thereof during which the same shall remain delinquent, and no payment shall be made by the company upon the policy of any member if at the time he shall suffer a loss he shall be in default and shall have failed to pay his assessment prior to the expiration of 30 days from the time limited in said notice."
This Court considered the effect of this provision in Von Uhl v. Trempealeau County Mut. Ins. Co., 33 Wis.2d 32, 146 N.W.2d 516 (1966). Nonpayment of assessments "suspends" the insurance coverage provided in the policy. No payments on the policy can be made for losses incurred during the period of suspension. Notice must be given prior to cancellation of the policy but there is no requirement under the statute for notice of suspension. Id. at 39.
[5, 6]
The timely payment of the assessment by the insured puts a member's policy in effect for the coming year. Id. at 38. It is argued by Stettin Mutual that when it did not receive the Bastmans' check the fire insurance policy was suspended. The jury specifically found that the Bastmans did send the check in payment of the premium sometime during November of 1972. If the insurance company received the check, any suspension that might have occurred would have been terminated. "Subsequent payment of assessments cannot relate back to remove the suspension and default, but payment does reinstate the policy from the date of payment." Von Uhl, supra at 39.
The Bastmans argue that the failure of Stettin Mutual to send a cancellation notice to them was negligent. However, in order to raise this omission to an act of negligence the policy must have been cancelled. The basic problem with this argument is that this policy was not cancelled prior to the fire. The Bastmans argue that Stettin Mutual extended credit and waived lapse of the *550 insurance policy for the nonpayment of the assessment. The jury could have found, in the Bastmans' view, that the company was negligent in failing to provide a cancellation notice.
[7]
The insurance company contends that the fire insurance policy was merely suspended when it did not receive payment of the assessment. Suspension of coverage during a period of premium or assessment default is not a cancellation and is not covered by statutes requiring notice of cancellation for nonpayment of premium. Peterson v. Truck Ins. Exchange, 65 Wis.2d 542, 553, 223 N.W.2d 579 (1974).
It is next contended that there was credible evidence to support a finding that the Bastmans did not receive a notice of assessment in 1972. This may be true, however, sec. 202.11(2) (a), Stats. 1971, requires only that an assessment be mailed to every member using the last address on record. That section provides:
"202.11. Assessments; notices; nonpayment; borrowing money. . . . (2) (a) When any assessment has been completed the secretary shall immediately notify every member by mail, using the last address on record, of the rate per cent of such assessment, and the sum due from him, the time when due, and to whom payment is to be made...."
[8]
When an insurance policy provides that it may be cancelled by mail, this Court has held that actual receipt of the notice of cancellation is not required. Olson v. Hardware Dealers Mut. Fire Ins. Co., 45 Wis.2d 569, 573, 173 N.W.2d 599 (1970). Likewise, the statute involved in this case provides only that a notice of assessment be mailed to the last address on record of a member. It does not require actual receipt. We see no policy reason to place a greater burden upon an insurance company in *551 sending out the notices of assessments than is required when sending out notices of cancellation.
There was uncontradicted evidence that three assessment notices were sent to the Bastmans and that at least one notice was sent to the mortgagee, Stratford State Bank. The bookkeeper for Stettin Mutual testified that in 1972 the notices of assessment were prepared by a computer drawn from a computer list by the Midland Mutual Insurance Company of Juneau, Wisconsin. The Bastman's name and policy number were on the list for that year. The Bastman name was also on the second notice list which was mailed in early November.
[9]
We find no credible evidence that the insurance company was negligent in mailing its notices of assessments. The fact that the Bastmans did not receive the notice is not controlling. But even if the company could have been found negligent in its mailing of assessments, this negligence could not have been a cause of the Bastmans' loss. Negligence is only causal if it is a substantial factor in producing the harm. Thus, the conduct complained of must have such an effect in producing the injury as to lead a reasonable person to regard it as a cause, using that term in the popular sense. Pieper v. Neuendorf Transportation Co., 87 Wis.2d 284, 274 N.W.2d 674 (1979). The Bastmans knew that the assessment was due and they mailed what they thought to be a correct assessment. They also knew that the check had not been cashed. Even if there was negligence in mailing the notices of assessment, the negligence was not causal.
The trial court, in its decision to change the jury's answers in the verdict, found that the contract of insurance lapsed. The trial court said, ". . . that while there was a contract of insurance the statutes governing town mutual insurance companies, particularly 202.11(4) requires *552 the court to find that the policy did in fact lapse and that no cancellation notice was needed. . . ."
The contract theory asserted by the Bastmans in the trial court was that Stettin Mutual extended credit to them and that therefore the company had waived or was estopped from asserting the lapse provisions incorporated into the insurance policy by sec. 202.11(4), Stats. 1971.
[10]
Stettin Mutual did not extend credit beyond the assessment due date, nor did it waive the lapse provisions of the policy. In Von Uhl, supra, at 37, this Court defined the terms waiver and estoppel:
"The terms `waiver' and `estoppel' are often not distinguished and used interchangeably. `Waiver' is the voluntary and intentional relinquishment of a known right; intent to relinquish the right is an essential element of waiver. `Estoppel,' on the other hand, consists of the action or nonaction of one party which induces reliance thereon by another, either in the form of action or nonaction, to his detriment. Further, intent to waive may arise as a matter of law from the conduct of the parties, or may be determined as a question of fact where the inference does not conclusively arise as a matter of law. Hanz Trucking, Inc. v. Harris Brothers Co., 29 Wis.2d 254, 264-267, 138 N.W.2d 238 (1965)."
Stettin Mutual did not waive anything. It asked for payment when due and did not receive it. There was no contact between the Bastmans and the company. It had no reason to know why it had not been paid. It did not voluntarily waive any of its rights. Likewise the company is not estopped from asserting the lapse provisions. Prior to the fire, it did not induce reliance on the part of the Bastmans. There was no representation by the company that the insurance was in full force. The jury specifically found the insurance agent not negligent and there was sharp dispute in the testimony as to any representations made by him within the scope of the agency relationship with the insurance company.
*553 The situation is different than the one facing the court in Von Uhl, supra. In that case a partial payment was made to the insurance company prior to the loss and accepted by the company "on account." In addition, the company in that case made another assessment prior to the loss. Neither of these factors are found in the present case. Stettin Mutual did not know that payment had been mailed. They did not consent to a credit transaction although they did admit that they would accept payment after October 31, 1972 without penalty for some indeterminate time. Also, in Von Uhl, all assessments were paid shortly after the loss. Stettin Mutual, however, apparently never received payment for the 1972 assessment from the Bastmans.
[11]
Although Stettin Mutual made assessments on the Bastman property in 1973 and 1974, the company either returned or reimbursed the payments made. These acts occurred after the loss and could not form the basis for waiver or estoppel as the trial court properly found. See, Annot. 7 A.L.R.3d 414 (Insurers acceptance of defaulted premium payments as affecting liability for loss during default).
There was no credible evidence that the insurance company was negligent, which was the theory on which the parties submitted the case to the jury.
By the Court.Judgment affirmed.
NOTES
[1] Sec. 805.14(5) (c), Stats. 1975, provides:

"Sec. 805.14. Motions challenging sufficiency of evidence; motions after verdict . . . (5) . . . (c) Motion to change answer. Any party may move the court to change an answer in the verdict on the ground of insufficiency of the evidence to sustain the answer."
[2] Ch. 22 Laws of 1973, repealed ch. 202 and created ch. 612 relating to town mutual insurance companys. See, sec. 612.01-612.81, Stats. 1977. Sec. 612.54, Stats. 1977, governs assessments.