Ronald J. TOELLER, a minor by Gerald J. Bloch, his Guardian ad Litem, Richard Toeller and Susan Toeller, Plaintiffs-Respondents and Cross-Respondents.

v.

MUTUAL SERVICE CASUALTY INSURANCE Co., Suburban Services, Inc., and Steven Kuchenbach, Defendants and Third-Party Plaintiffs-Appellants, and Cross-Respondents,†

Robert K. STUEDEMANN and Rudolph Stuedemann Trucking and Employers Mutual Liability Insurance Company of Wisconsin, Third-Party Defendants-Respondents and Cross-Appellants.

Court of Appeals

*No. 82–2019. Submitted on briefs September 15, 1983.—*
*Decided October 25, 1983.*
(Also reported in 340 N.W.2d 923.)

† Petition to review dismissed.

632

For the defendants and third-party plaintiffs-appellants and cross-respondents the cause was submitted on the briefs of *Borgelt, Powell, Peterson & Frauen, S.C.,* with *Kurt H. Frauen* and *Deborah K. Scheid* of counsel, of Milwaukee.

For the third-party defendants-respondents and cross-appellants the cause was submitted on the briefs of

*Riordan, Crivello, Carlson, Mentkowski & Henderson,* with *Daniel R. Riordan* of counsel, of Milwaukee.

For the plaintiffs-respondents and cross-respondents the cause was submitted on the briefs of *Phillips, Bloch & Donohue, S.C.,* with *Gerald J. Bloch, Peter M. Donohue,* and *Barry M. Cymerman* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J.   Steven Kuchenbach, Mutual Service Casualty Insurance Co., and Suburban Services, Inc., (appellants) appeal from a judgment upholding a jury's determination that Kuchenbach was 93% causally negligent for injuries suffered by Ronald Toeller. The appellants argue that Kuchenbach should not be held liable for Toeller's injuries because Kuchenbach's actions did not create a probability of harm, were not a substantial factor in producing the accident, and were so remote from the injury that public policy grounds should preclude liability. They further argue that the jury's apportionment of causal negligence is contrary to the great weight and clear preponderance of the evidence. While we acknowledge that Kuchenbach's actions were somewhat more removed from the injury than is usually the case, we are unpersuaded that his actions were so remote as to preclude findings of negligence and proximate cause or to mandate that public policy limit liability. We further conclude that there was ample evidence to support the jury's apportionment of negligence. Accordingly, we affirm the judgment.[1]

---

[1] The cross-appellants brief-in-chief states: "This cross-appeal has been initiated to preserve the respondents' right to raise certain issues in the event that the Court of Appeals finds any merit to the defendants-third-party plaintiffs' appeal." Similar language appears in their Conclusion. We read this language as conditioning the cross-appeal upon a reversal of the appeal. Because we affirm the judgment underlying the appeal, we need not, therefore, address the cross-appeal.

On the morning of January 22, 1980, Ronald Toeller (Toeller) was injured when the bicycle he was riding to school collided with an empty gravel truck driven by Robert Stuedemann on Highway 100 near the intersection of Highway 36. Toeller was, at the time, eleven years old. Toeller usually rode a school bus to and from school.

On the previous afternoon, while riding home on a school bus driven by Kuchenbach, Toeller and another boy were reprimanded by Kuchenbach for their conduct and were told that they would not be allowed to ride the bus on the following day. Kuchenbach did not, however, inform the school authorities or the parents of this suspension. It is undisputed that this action was contrary to the accepted guidelines regarding the transportation of students. It is also apparent from the record that discipline of this sort was properly in the province of the school administrator than the bus driver.

The school principal, Douglas Rosenbecker, was made aware of the bus incident that evening by a phone call from the other suspended boy's mother, but he testified that she did not inform him of the suspension of bus riding privileges for both children. He took no further action that evening.

Ronald Toeller did not tell his parents that he would not be allowed to ride the bus on January 22. Instead, that morning, he borrowed his brother's bicycle and, without his parents' knowledge, began riding it to school.

While riding along the shoulder and far right lane of Highway 100, Toeller was passed from behind by a truck driven by Robert Stuedemann. Stuedemann testified that he saw Toeller and attempted to give him a wide berth while passing, but that Toeller lost control and swerved left into the truck. Toeller's extensive head injuries left him with no memory of the accident.

The jury found Suburban Services through Kuchenbach 93% causally negligent, Rosenbecker 5% causally

negligent and Stuedemann and Toeller both 1% causally negligent. This appeal ensued.

The appellants first contend Kuchenbach's actions "created at most a mere possibility that Ron Toeller might be injured," and that such is not actionable negligence because the duty to use due care arises from the probability rather than the bare possibility of injury. *See Grube v. Moths,* 56 Wis. 2d 424, 433, 202 N.W.2d 261, 266 (1972). We cannot agree that Kuchenbach's actions produced only the bare possibility of an injury.

Here, there is no factual dispute concerning the actions of Kuchenbach on the afternoon of January 21, 1980: in contravention of accepted guidelines, Kuchenbach forbade Toeller from riding the bus the following day; he informed neither the principal nor Toeller's parents of this action. Where the facts relating to the injury that allegedly give rise to a legal duty are not in dispute, the question of the existence of a duty is a question of law for this court to decide. *Johnson v. Misericordia Community Hospital,* 99 Wis. 2d 708, 723, 301 N.W.2d 156, 164 (1981).

As our supreme court stated in *A.E. Investment Corp. v. Link Builders,* 62 Wis. 2d 479, 484, 214 N.W.2d 764, 766 (1974):

A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is liable for unforeseeable consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs.

The court further stated that " 'harm must be reasonably foreseen as probable by a person of ordinary prudence under the circumstances . . . .' " *Id.* at 484, 214

N.W.2d at 767, *quoting Cirillo v. Milwaukee,* 34 Wis. 2d 705, 711, 150 N.W.2d 460, 463 (1967).

Here, Kuchenbach's action undeniably obligated Toeller to find an alternate means of getting to school. Further, Kuchenbach's failure to inform the proper authorities of his action meant that Toeller's parents would know of the need to provide transportation the following morning only if Toeller himself told them. We agree with the trial court's statement that "[e]rrant children, particularly at the age of eleven, can be expected not to confess their sins to their parents." The likelihood of Toeller's walking or taking a bicycle to school, then, was not inconsiderable. Because of his position, Kuchenbach was also on notice of the perils inherent in Toeller's route to school.

We conclude that it was foreseeable that Kuchenbach's exclusion of Toeller from the bus without informing his parents or the school authorities would result in harm to Toeller. We cannot agree, therefore, with the appellants' contention that there was only a bare possibility of injury inherent in Kuchenbach's action.[2]

Next, the appellants contend that Kuchenbach ought not to be liable because his conduct did not constitute a substantial factor in producing the injury. We disagree.

The "substantial factor" analysis is the test for cause-in-fact. *Morgan v. Pennsylvania General Insurance Co.,* 87 Wis. 2d 723, 735, 275 N.W.2d 660, 666 (1979). Whether negligence was a cause-in-fact of an injury is a factual question for the jury if reasonable men could differ on the issue, and the question only becomes one of law for judicial decision if reasonable men could not disagree. *Id.* at 735–36, 275 N.W.2d 666. The trial court did not

---

[2] Because of our holding on this issue, we need not pass upon the respondent's arguments concerning violation of safety statutes.

hold, as a matter of law, that Kuchenbach's conduct was not a substantial factor in producing the harm, nor can we.

The phrase, "substantial factor," denotes that the conduct has such an effect in producing the injury as to lead a reasonable person to regard it as a cause, using that word in the popular sense. *Pieper v. Neuendorf Transport Co.*, 87 Wis. 2d 284, 289, 274 N.W.2d 674, 677 (1979). There may be several substantial factors in any given case. *Id.*

Kuchenbach's conduct obliged Toeller to find another way to get to school and, in Kuchenbach's failure to inform either parents or principal, further entrusted to an eleven-year-old child the full responsibility to do so safely. Toeller's response, here an intervening act, was evidently, in the minds of the jury, a normal response to a situation of Kuchenbach's creation which was not in itself extraordinarily negligent. *See* Restatement (Second) of Torts § 447 (1965) ; *United States Fidelity & Guaranty Co. v. Frantl Industries, Inc.*, 72 Wis. 2d 478, 490, 241 N.W.2d 421, 428 (1976). We cannot hold, as a matter of law, that Kuchenbach's conduct was not a substantial factor in producing Toeller's injuries.[3]

Next, the appellants argue that liability ought to be precluded on public policy grounds. In Wisconsin, the public policy exception criteria have been set forth in

---

[3] We reject appellant's argument based upon Restatement (Second) of Torts § 433 (1965). As comment a to that section makes clear, the considerations enumerated in that section "are important to a court in determining whether upon the evidence there is room for a reasonable difference of opinion as to whether the defendant's negligence is a substantial factor in bringing

*Coffey v. City of Milwaukee,* 74 Wis. 2d 526, 541, 247 N.W.2d 132, 140 (1976):

Thus this court has held that even where the chain of causation is complete and direct, recovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

The appellants explicitly argue that elements (1) and (6) apply here.[4]

Concerning element (1), the appellants contend that the injury is too remote from the negligence "in time, in act, in distance, and in the number of subsequent intervening acts necessary." We disagree.

The injury that resulted from Kuchenbach's conduct was precisely the one that would foreseeably occur in the way that it did and at both the time and place that it did. Kuchenbach's conduct foreseeably put Toeller in a

about the other's harm." The trial court's memorandum decision reveals that it applied the § 433 test; we find no infirmity in that application.

[4] The appellants also include a subargument based upon Restatement (Second) of Torts § 442 (1965) concerning superseding cause. Our supreme court made clear in *Morgan v. Pennsylvania General Insurance Co.,* 87 Wis. 2d 723 738, 275 N.W.2d 660, 667 (1979) that the superseding cause doctrine "is another way of saying the negligence is too remote from the injury to impose liability," an issue which we address directly.

zone of danger when Toeller attempted to get to school on his own. We are not persuaded that either the fourteen-hour time lapse or the distance between the negligent conduct and the injury was sufficiently remote to preclude liability on public policy grounds. We further conclude that the other intervening events do not make Kuchenbach's conduct too remote for liability to attach. The events of the morning of January 22 were wholly foreseeable and consonant with the negligent conduct of Kuchenbach. If harm were to ensue at all (as it did), the harm was exactly the sort which would be expected to arise.

Concerning element (6), the appellants argue that allowing recovery here enters a field which has no sensible or just stopping point. We disagree. While it is true that Kuchenbach's conduct caused neither immediate nor inevitable harm, it did result in a harm entirely in keeping with the negligence itself. Kuchenbach's action was beyond his authority, and his failure to inform here entrusted full responsibility to an eleven-year-old boy. That the boy did not choose the optimum means of responding to the situation in which Kuchenbach placed him does not unjustifiably broaden the zone of recovery for negligence beyond reasonable limits.

Finally, the appellants challenge the jury's apportionment of causal negligence as contrary to the great weight and clear preponderance of the evidence. We determine there to be ample evidence to support the jury's apportionment.

They argue that it is inconceivable that Toeller and Stuedemann, who were the only individuals who had direct and immediate control over the circumstances sur-

rounding the accident, were found only 1% causally negligent each. Stuedemann's testimony, however, gainsays this contention; he testified that both he and Toeller operated their respective vehicles carefully.

A jury's finding of negligence will not be set aside when there is any credible evidence that under any reasonable view supports the verdict. *Johnson v. Misericordia Community Hospital,* 97 Wis. 2d 521, 566, 294 N.W.2d 501, 521 (Ct. App. 1980); *aff'd.,* 99 Wis. 2d 708, 301 N.W.2d 156 (1981). Stuedemann's testimony supports the jury's apportionment of little causal negligence to Stuedemann and Toeller.[5] Accordingly, we affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.

[5] Appellants also state that the jury's finding of 93% causal negligence of Kuchenbach was based upon bias and prejudice on the part of the jury. We are provided with no citation to the record for this allegation and we dismiss it as unfounded.