Samuel A. CARLOTTA, Plaintiff,

v.

Marvin L. WARNER, Sole Proprietor d/b/a Normandy Green Apartments, et al., Defendants.

Civ. A. No. 82–101.

United States District Court, E.D. Kentucky, Covington Division.

Jan. 24, 1985.

William J. Kathman, Jr., Florence, Ky., for plaintiff.

Mark G. Arnzen, Covington, Ky., for defendants.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This case presents one of the troublesome issues with which courts will be presented in applying the comparative negligence doctrine adopted by the Supreme Court of Kentucky in *Hilen v. Hays*, 673 S.W.2d 713 (Ky.1984).

Prior to the promulgation of *Hilen*, this court had granted partial summary judgment in favor of the defendant on the primary charge of negligence against him on the ground that plaintiff was guilty of contributory negligence as a matter of law. Now the plaintiff has moved for reconsideration on the basis of *Hilen*, which was applicable to pending cases.[1]

Although difficult for humane reasons the original decision was obvious under traditional contributory negligence doctrine. The motion for reconsideration which requires this court to consider as a matter of first impression in Kentucky the role of the doctrine of sole proximate cause in comparative negligence cases is vastly more complex.

### FACTS

The defendant is the owner of an apartment complex in the City of Florence, Kentucky. The plaintiff, a young man 19 years of age, was a tenant at that complex. On June 28, 1981, the plaintiff and some friends were swimming at a swimming pool maintained at the complex for use by the tenants. There was no regulation requiring that a lifeguard be provided, and none was present. The complex did have its own regulations—which for purposes of a summary judgment motion must be considered safety regulations—which prohibited floating objects in the pool. A state

---

1. 673 S.W.2d at 720.

regulation [2] also provides that "every swimming pool shall be under the close supervision of a trained and competent operator," although it is clear that constant supervision is not mandated.

On the day of the tragic accident involved here, the plaintiff and some friends were swimming at the pool. They had a large innertube with which they were disporting themselves. Plaintiff had one of his friends hold the tube in position while plaintiff dove through it from the side of the pool. In making the dive, plaintiff struck his head on the tube and sustained permanent injuries to his nervous system. A representative of the management of the apartment complex was present on the premises, but was not at the pool at the time.

The plaintiff's action to recover for his injuries is before this court in the exercise of its diversity of citizenship jurisdiction. 28 U.S.C. § 1332.

The defendant moved for summary judgment. The motion was originally heard before the comparative negligence decision of the Kentucky Supreme Court. Plaintiff argued that defendant was negligent for failure to enforce its regulations against floating objects in the pool and for failure to warn the plaintiff of the hazards of diving through the innertube. The court had no trouble in holding that, although the defendant may have been guilty of some negligence in failing to enforce its regulations,[3] it had no duty to warn the plaintiff of a hazard that was equally as obvious to him as to the pool management.[4]

It was abundantly clear that plaintiff was guilty of substantial contributory negligence in diving through the tube, because

he was fully aware of the regulations prohibiting floating objects and of the possibility of sustaining at least some injury in making such a maneuver. Therefore, the court granted partial summary judgment absolving defendant of liability for any injury immediately resulting from the dive. Final judgment was not entered because the plaintiff also contended that the defendant's agents had failed to properly render him assistance after the accident which failure he contended resulted in some aggravation of his injury. The court held that there was a genuine issue of material fact on this part of the case.

Now, the motion for reconsideration, made after the decision in *Hilen, supra,* requires the court to reconsider under the doctrine of comparative negligence its granting of the partial summary judgment.

## "SOLE PROXIMATE CAUSE" IN COMPARATIVE NEGLIGENCE CASES

The salutary adoption of the comparative negligence doctrine by the Supreme Court of Kentucky resolved many problems in negligence law, but not all. One of those remaining is presented here, that of the slightly negligent defendant versus the profoundly negligent plaintiff. The doctrine of comparative negligence does not mean that plaintiff is entitled to a recovery in some amount in every situation in which he can show some negligence of the defendant, however slight. If the plaintiff fails to establish that defendant's negligent act or omission was a substantial factor in causing harm to the plaintiff, or if there was a superseding cause, defendant will not be liable in any amount.[5] Where, as here, the defendant's negligence is very

**2.** 461 Ky.Admin.Regs. 6:030 § 18(2). Although not without ambiguity this regulation seems primarily concerned with the observance of prescribed sanitary measures.

**3.** *Cf. Bartley v. Childers,* 433 S.W.2d 130 (Ky. 1968); *C & O R. Co. v. Biliter,* 413 S.W.2d 894 (Ky.1967).

**4.** *Grimes v. Hettinger,* 566 S.W.2d 769, 772 (Ky. App.1978), *Cf. Smith v. American Flyers, Inc.,* 540 P.2d 1212 (Okl.Ct.App.1975) (regulations

providing for supervision gave rise to no duty to prevent plaintiff from diving through innertube; defendant in *Smith* did not have regulation of its own, however.)

**5.** Prosser & Keeton, *Torts,* 474–475, n. 56 and accompanying text (5th ed. 1984); V. Schwartz, *Comparative Negligence,* § 4.4; *State v. Kaatz,* 572 P.2d 775, 780 (Alaska 1977); *Herman v. Welland Chemical, Ltd.,* 580 F.Supp. 823 (M.D. Pa.1984).

slight in relation to the negligence of the plaintiff or some other party, or to some force of nature, the law of causation becomes of paramount importance.[6]

The present case provides a vivid illustration of the problem. The plaintiff's damages, when an award for pain and suffering is considered, could easily be in the millions. An apportionment against the defendant in even a small percentage could result in a liability of hundreds of thousands of dollars when the only fault of the defendant was in failing to prevent the plaintiff's deliberately creating an obvious risk and purposefully subjecting himself to it.

A leading text has suggested that "a creative use of the sole proximate cause doctrine may be the most effective means of remedying the quandary" of the overwhelming negligence of one party as compared to the other in comparative negligence situations.[7]

Recent decisions of the Kentucky Supreme Court demonstrate a commitment to follow the *Restatement (Second) of Torts* approach to the problem of proximate and intervening cause. *Deutsch v. Shein,* 597 S.W.2d 141, 144 (Ky.1980). Applying the Restatement model to the present case, we find that the following sections control the issue here presented.

"§ 431. What Constitutes Legal Cause
The actor's negligent conduct is a legal cause of harm to another if

(a) his conduct is a substantial factor in bringing about the harm, and

(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

"§ 432. Negligent Conduct as Necessary Antecedent of Harm

(1) Except as stated in Subsection (2), the actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent.

(2) If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it about."

"§ 433. Considerations Important in Determining Whether Negligent Conduct is Substantial Factor in Producing Harm

The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

*(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;*

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) lapse of time." (Emphasis added).

The opinion in the Kentucky comparative negligence decision sets forth model instructions embodying the substantial factor concept.[8]

The plaintiff is correct in asserting that there would be a material issue of fact in this case whether the defendant's agents were negligent in failing to enforce the pool regulations against floating objects.[9]

---

6. By the same token if defendant's negligence is overwhelming in comparison to the plaintiff's, defendant may be 100% liable on the ground that any negligence of plaintiff was not a substantial factor in causing the accident. Prosser, *supra,* n. 5.

7. *Id.*

8. *Hilen v. Hays,* 673 S.W.2d at 720.

9. The case differs from *Grimes v. Hettinger, supra* note 4, holding that there was no duty to supervise the conduct of adolescents swimming in a residential pool because here the state regulations do impose a duty of "close supervision" and the adoption by the pool of regulations of its own creates an issue of fact at least at the summary judgment stage whether there was a duty to enforce them. See cases in n. 3, *supra.*

It also cannot be denied that if there was such negligence, it would be a cause in fact of the accident,[10] for if the innertube had been excluded from the pool the plaintiff could not have dived through it.

The issue then focuses on whether or not the active negligence of the plaintiff in not only deliberately encountering but in actually creating the very risk that caused his injury, as compared to the slight and passive negligence of the defendant, if any, prevents *as a matter of law* any negligence of the defendant from being a substantial factor in causing the accident.[11]

It is stated in comment *d.* to § 433 of the *Restatement, (Second) of Torts:*

"*d.* There are frequently a number of events each of which is not only a necessary antecedent to the other's harm, but is also recognizable as having an appreciable effect in bringing it about. Of these the actor's conduct is only one. *Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor.* So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor." (Emphasis added).

Thus, the court is here mandated to determine whether under *Restatement (Second) of Torts* § 433(a) the negligence of the defendant is so insignificant as compared to that of the plaintiff that no recovery should be had despite the doctrine of comparative negligence or, in other words, whether the plaintiff's negligence is the sole proximate cause of his injury.

An example of the correct method of analysis may be found in the decision of Chief Judge Nealon of the United States District Court for the Middle District of Pennsylvania in *Herman v. Welland Chemical, Ltd.*[12] There, the court applying Pennsylvania's use of the Restatement model states:

"Whether the issue is discussed in terms of *proximate cause or legal cause* the underlying considerations and the result are the same. Under the older and more traditional approach the issue was whether the defendant's conduct was a proximate cause or a remote cause. Under the Restatement approach the issue is whether the defendant's conduct was, on the one hand, a 'substantial factor' or a 'substantial cause' or, on the other hand, whether the defendant's conduct was an 'insignificant cause' or a 'negligible cause.' See, Section 431 Restatement of Torts, Second. The determination of the issue simply involves the making of a judgment as to whether the defendant's conduct although a cause in the 'but for' sense is so insignificant that no ordinary mind would think of it as a cause for which a defendant should be held responsible."[13]

■ I have struggled long and hard with the application of this test to the facts here, being fully conscious of the impact of my decision. As much as I would like to evade the duty, I can only conclude that any negligence on the part of the defendant here was so insignificant or negligible in relation to the plaintiff's own negligence that, as a matter of law, it may not be considered a substantial factor in causing the accident.

It is well to clarify some basic concepts because of the enhanced importance of cau-

10. That is, in the "but for" sense of *Restatement (Second) of Torts,* § 432(1).

11. *Restatement (Second) of Torts* § 434 reads: "It is the function of the court to determine (a) whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of

the defendant has been a substantial factor in causing the harm to the plaintiff; ...."

12. 580 F.Supp. 823 (M.D.Pa.1984).

13. 580 F.Supp. at 827, quoting *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977) (emphasis in original).

sation doctrines in comparative negligence jurisdictions.

▮ It should be pointed out that the analysis required here concerns the doctrine of substantial factor rather than superseding cause. Superseding cause does not come into play until it has already been established that the defendant's negligence is a substantial factor in causing the plaintiff's injury. Superseding cause involves the negligence of a third party or the intervention of some natural force. The defense of superseding or intervening cause as such is not properly applied to the plaintiff's negligence.[14]

Without in any way attempting to formulate a rule that would be all-inclusive in future cases, I am persuaded here by the consideration that the negligence of the defendant was passive while that of the plaintiff was active in the sense that had a third person been injured by this event, say the person holding the innertube, the defendant would have been entitled to indemnity from the plaintiff in an action by that person.[15]

It would be an anomaly to hold that an overwhelmingly negligent plaintiff could recover from a defendant in a situation such as this where the defendant's negligence was passive or secondary in relation to that of the plaintiff, such that under appropriate circumstances the defendant would be entitled to indemnity from the plaintiff. In most such situations the defendant's negligence would not be a substantial factor, or, to put it another way, the plaintiff's own negligence would be the sole proximate cause of the accident.

▮ Prior to the adoption of comparative negligence such an analysis was not usually necessary, because any negligence of the plaintiff which was a substantial factor in causing his own injury was a complete bar to recovery. Nevertheless, the law of Kentucky has always been clear that the overwhelming negligence of one party can prevent the negligence of another party from being the proximate cause of an event, even where such negligence was undoubtedly a cause in fact.[16] This is the situation

**14.** *Restatement (Second) of Torts* § 440, et seq.; *Presser v. Siesel Construction Company,* 19 Wis.2d 54, 119 N.W.2d 405, 409 (1963). *But see, State v. Kaatz,* 572 P.2d 775, 783 (Alaska 1977).

**15.** Under Kentucky law, if two defendants breach a duty thereby causing injury to a plaintiff, a defendant who is passively negligent, such as failing in a duty of inspection, may have indemnity from an actively negligent defendant, although the plaintiff may recover from either or both. *See, e.g., Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (1949), *reaffirmed in Burrell v. Electric Plant Board,* 676 S.W.2d 231 (Ky.1984) (subsequent to comparative negligence decision).

Of course, the case at bar does not present an indemnity situation because no third party is involved. *Cf. Harris v. Comair,* 510 F.Supp. 1168 (E.D.Ky.1981), *aff'd* 712 F.2d 1069 (6th Cir.1983).

This court respectfully disagrees with the Alaska court in *State v. Kaatz,* 572 P.2d at 783, in condemnation of the use of active and passive negligence in the comparative negligence context. So long as it is understood that a sin of omission can still be active negligence in some circumstances and that negligence of the parties is only considered active or passive in relation to each other, I believe the distinction has utility in cases such as this. It is useful to

recall exactly how the court described the active-passive/primary-secondary dichotomy in the classic case of *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 224 S.W.2d at 167:

> "Where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically or constructively at fault, as from the failure to perform some legal duty of inspection and remedying the hazard, the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained."

Where such a situation exists, as here, there is a powerful thrust toward finding that the passively negligent party's negligence is not a substantial factor of the actively negligent party's injury. That is not to say that the active-passive distinction provides a never-failing litmus test. But I believe it to be a useful factor to consider in a substantial factor analysis. Of necessity, of the great variety of cases that will arise, each must turn to some extent on its own facts.

**16.** *Lee v. Dutli,* 403 S.W.2d 703 (Ky.1966); *Lawhorn v. Holloway,* 346 S.W.2d 302 (Ky.1961). In both these cases plaintiffs were relieved of the effects of their contributory negligence through use of the doctrine of "sole proximate cause."

we have here. As the cases cited in the footnote show, this doctrine can be used by plaintiffs as well as against them.

This is not a case where a defendant negligently permitted a risk to exist, such as an open pit in a dark place,[17] or an icy highway,[18] which risk the plaintiff then negligently encountered. Here the *plaintiff* created the risk. Similarly, we would have an entirely different case had the plaintiff here negligently dived into an object that had floated under the diving board. In such cases, the court would permit the negligence to be apportioned by the jury.

Here, it bears repeating, the plaintiff actively created a risk which did not previously exist by causing the innertube to be placed under the board and attempting to dive through it. Nor was he a heedless child or one otherwise requiring special protection. Such a factor would reduce the degree of his negligence and enhance that of the defendant.[19] Rather, he was an adult experienced in swimming and diving and with the rules he was violating and fully aware of the risk that he could sustain some substantial injury from diving through the innertube, although he may not have anticipated the exact harm which occurred.

Even under comparative negligence liability is not automatic.[20] I am well aware of the danger of allowing the doctrine of sole proximate cause, if over-employed, to eviscerate[21] the enlightened doctrine of comparative negligence adopted by the Supreme Court of Kentucky. Nevertheless, the use of sole proximate cause remains viable under comparative negligence, although it will be a rare case[22] where the comparative fault is not submitted to the jury for apportionment. This is, however, one of those rare cases.

The situation here is analogous to that of a person who would knowingly and deliberately violate the speed limit and then sue the police for permitting him to do it. At the risk of being tediously redundant, the court wishes to emphasize that the basis of this ruling is the plaintiff's active creation of a risk that would not have otherwise existed but for his deliberate act. The only negligence of the defendant was in failing to prevent plaintiff from actually creating the risk.

## CONCLUSION

In summary, we have the following factors which the court believes mandates a holding as a matter of law that the defendant's negligence was not a substantial factor in causing this accident.

(1) The plaintiff's negligence was active, the defendant's passive.[23]

(2) The plaintiff's act was deliberate, the defendant's inadvertent.

(3) The plaintiff was a knowledgeable adult, not a minor or other person to whom the defendant owed a duty of special protection.

(4) There was no risk until the plaintiff created it.[24]

---

17. *Cf. Presser v. Siesel Construction Co.*, 19 Wis.2d 54, 119 N.W.2d 405 (1963) (workman fell into pit in darkness, negligence compared).

18. *Cf. State v. Kaatz*, 572 P.2d 775 (Alaska 1977).

19. *Cf. Toeller v. Mutual Service Casualty Ins. Co.*, 115 Wis.2d 631, 340 N.W.2d 923 (Wis.Ct. App.1983) (negligence of child plaintiff not sole proximate cause); *Cirillo v. City of Milwaukee*, 34 Wis.2d 705, 150 N.W.2d 460 (1967) (rowdyism of unsupervised infant plaintiff not relieve absent teacher of liability).

20. *Morgan v. Pennsylvania General Ins. Co.*, 87 Wis.2d 723, 275 N.W.2d 660, 667 (1979).

21. *Cf.* V. Schwartz, *supra*, n. 5, at 89.

22. *Id.* at 91.

23. This factor distinguishes this case from *Hilen v. Hayes, supra*, in which the defendant was actively negligent in driving while intoxicated.

24. This factor distinguishes this case from *Dendy v. City of Pascagoula*, 193 So.2d 559 (Miss. 1967), in which the defendant created a risk by allowing a deceptive situation to exist regarding the depth of the water into which plaintiff dove. Also, the city had notice of prior accidents which increased its negligence.

(5) The only negligence of defendant was in failing to prevent plaintiff from injuring himself.

It is obvious that some of these factors are overlapping. Nor should they be considered all-inclusive. I have merely found them useful guidelines in considering this matter.

Therefore, the motion for reconsideration must be denied, and IT IS SO ORDERED.