865 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Y. ACONE; Paul Acone; Nancy May Acone; Frances R.
Arrowsmith; A.C. Bashnick; Beacon Resources, Incorporated;
Bepco Incorporated; Edmond A. Borkowski; Alina M.
Borkowski; Richard A. Campbell; Jack E. Choir; B.H.
Conroy; Marjorie B. Conroy; Eugene P. Cotterman; D & S
Financial, Incorporated; Rene R. Derwey; Jerry N. Edwards;
Fischer Mill Supply; Leonard M. Floyd; Richard A. Griffin
Tee; Griffin Family Revokeable Trust; Joachim C. Grube;
Phillip H. McCary, Jr.; James W. Mason; Nancy A. Mason;
George William Masterson; Joni B. Masterson; Charles B.
Miller; Lewis A. Miller; Charles B. Miller; Tees Trust;
Alan M. Reedy; Richard L. Searing; William E. Stith;
Revokeable Family Trust; Marvin T. Weinstein; Nancy M.
Weinstein; John J. Vassen; W. Roger Yost; John Young,
Plaintiffs-Appellants,
v.
Ted J. CAMPBELL; Paul F. Guthrie; Sam E. Issacs, II;
James A. Shuffett; Eugene F. Mooney; R. Burl
McCoy; John R. Leathers; Donald A.
Newcomer, Defendants-Appellees.
 No. 88-5543.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1988.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 Plaintiffs, through counsel, appeal the dismissal of their diversity action for legal malpractice. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In an action initiated on December 9, 1987, plaintiffs sought monetary damages from defendant Campbell, an attorney, and several of his former associates. The complaint alleged that Campbell had been retained to represent plaintiffs in a suit filed in 1980; that he had failed to name all the interested parties as plaintiffs in that action, and had eventually abandoned the case. New counsel had been hired by plaintiffs, who attempted to add the additional parties, but was not successful. A district court magistrate recommended dismissal of the action on November 21, 1986, and plaintiffs filed no objections. Accordingly, an order of dismissal was entered on December 24, 1986.
 
 
 4
 Defendants moved to dismiss this case, arguing that the complaint failed to establish complete diversity of the parties, and that the suit was barred by the applicable one-year statute of limitations. Ky.Rev.Stat. Sec. 413.245. Plaintiffs did not respond to this motion, but filed a motion to amend the complaint in an attempt to cure the diversity jurisdiction defect. The district court granted defendants' motion to dismiss and denied plaintiffs' motion to amend.
 
 
 5
 Upon consideration, we affirm the district court's dismissal of this case. Plaintiffs attempt to argue on appeal that the statute of limitations did not begin to run until the final dismissal of the underlying action. This argument is contrary to case precedent interpreting this statute of limitations. See Northwestern National Ins. Co. v. Osborne, 610 F.Supp. 126 (E.D.Ky.1985), aff'd, 787 F.2d 592 (6th Cir.1986); Conway v. Huff, 644 S.W.2d 333, 334 (Ky.1982). Moreover, this argument was not raised in the district court, and is not properly raised for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). The motion to amend was also properly denied.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation