Annie TENNYSON, et al., Plaintiffs,

v.

Herbert C. BROWER, et
al., Defendants/Third
Party Plaintiffs,

v.

Annie TENNYSON, et al., Third
Party Defendants.

No. 91–117.

United States District Court,
E.D. Kentucky,
at Covington.

June 4, 1993.

William J. Kathman, Jr., Busald Funk &
Zevely, P.S.C., Florence, KY, for plaintiffs.

William R. Ellis and David A. Caldwell,
Cincinnati, OH, for defendants.

## MEMORANDUM OPINION

BERTELSMAN, Chief Judge:

Pursuant to this court's Order, dated April
21, 1993, the court denied plaintiffs' motions

for judgment as a matter of law and for a new trial. The court now enters this Memorandum Opinion.

### FACTS

This case arose from a collision between an automobile being operated by decedent, Donald Tennyson, and a tractor-trailer being operated by defendant, Herbert Brower. On the morning of July 28, 1990, Brower pulled the tractor-trailer over off of the traveled portion of I–75 near the Williamstown, Kentucky, exit and parked on the shoulder so that he could sleep. Donald Tennyson was driving his automobile northbound on I–75 and approached the area where the Brower truck was parked. Unfortunately, Mr. Tennyson apparently fell asleep at the wheel of his automobile, subsequently lost control and then collided with the parked tractor-trailer. Mr. Tennyson was killed, and the passengers in his vehicle were severely injured.

The trial of this case on the issue of liability only took place on February 1–3, 1993. The jury returned the following special verdict on February 3, 1993:

### QUESTION NO. 1

A. Have plaintiffs proved by a preponderance of the evidence that defendant Herbert Brower violated the statute which prohibits parking on the shoulder of the interstate except in the case of emergency? [1]

Answer: Yes

Signed: Samuel L. Cinnamon (foreperson)

B. Have plaintiffs proved by a preponderance of the evidence that defendant Herbert Brower was negligent in some other way?

Answer: No

Signed: Samuel L. Cinnamon (foreperson)

C. If you answered "yes" to either of the above questions, was the negligence you found above a substantial factor in causing the accident?

Answer: No

Signed: Samuel L. Cinnamon (foreperson)

■ Briefly summarized, plaintiffs argue that once the jury found Brower's parking of his truck on the shoulder of the interstate to be negligent per se, the court should have ruled as a matter of law that such negligence was a substantial factor in causing the collision. They contend that, because the accident would not have occurred had the truck not been parked there, the trucker's negligence must have been a substantial factor as a matter of law. Plaintiffs also assert that the court misled the jury in an example it presented while instructing them.[2] No objection was made to the comment as required by Rule 51 of the Federal Rules of Civil Procedure.[3] They further argue that .they

[1]. The pertinent Kentucky statute provides:
No vehicle shall be parked, stopped, or allowed to stand on the shoulders of any toll road, interstate highway, or other fully controlled access highway, including ramps thereto, nor shall any vehicle registered at a gross weight of over forty-four thousand (44,000) pounds be parked, stopped or allowed to stand on the shoulders of any state-maintained highway except that in the case of emergency, ... vehicles shall be permitted to stop on the shoulders to the right of the traveled way with all wheels and projecting parts of the vehicles, including the load, completely clear of the traveled way....
Ky.Rev.Stat. § 189.450(3) (Michie/Bobbs–Merrill 1989).

[2]. During the trial the court commented upon the jury instructions as follows:
All right, causation, I suspect you'll hear a lot in final arguments about causation, and while not being exhaustive, let me give you an exam-

ple where a violation cannot be the cause of something. Let's say there's a statute that every vehicle that drives on the highway has to have operable windshield wipers, but there's an accident and it's perfectly dry. The windshield wipers aren't on and don't have anything to do with the accident. That would be a situation where the statute would be violated but there would be no causation. [The] violation played no role in the accident.
The court further elaborated, "I suspect the issues they will be arguing will be much closer calls than that, but that is an example."

[3]. In addition, it is within the discretion of federal judges to make impartial comments on the evidence, provided that such comments do not usurp the province of the jury. *United States v. 2,847.58 Acres of Land,* 529 F.2d 682, 687 (6th Cir.1976). *See e.g.,* 9 Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 2557 (1971 & Supp.1993).

were entitled to judgment as a matter of law (FED.R.CIV.P. 50) on causation, in light of the jury's susceptibility to equate "substantial" factor with "main cause," rather than simply a small percentage of fault in causation. At oral argument on the motion for new trial, plaintiffs admitted all plaintiffs were in the same legal posture as the plaintiff driver and, therefore, the doctrine of superseding cause became irrelevant.

### ANALYSIS

▇▇ Plaintiffs' arguments create a great deal of unnecessary complexity. First, they confuse the doctrine of superseding cause with general causation principles. Therefore, the first point to emphasize is that this is not a case of superseding cause, because the passenger plaintiffs stated at argument on these motions that their cases stood in no different posture than that of the driver.[4]

### The Jury Found That Plaintiffs Failed to Satisfy the "But for" Test

Next, the plaintiffs skip over the proposition that to recover they must establish cause in fact.[5] Their arguments assume that they have done so, when that issue was decided against them by the jury. Plaintiffs did not object to the form of instructions given by the court or request elaboration on the "bare bones" format of the instructions.[6] Therefore, when the jury was asked whether the negligence of the truck driver in parking on the shoulder of the interstate was a substantial factor, the issues of causation in fact as well as the "philosophical" factors[7] were included.

▇▇ The court must uphold the verdict if the jury's answer to the special interrogatory can be sustained on any theory. See e.g., 9 CHARLES A. WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 2510 (1971); 7 WILLIAM O. BERTELSMAN & KURT A. PHILIPPS, KENTUCKY PRACTICE RULE 49.01, author's comments & annotations (4th ed. 1984 & Supp.1992); C.L. & L. Motor Express Co. v. Achenbach, 259 Ky. 228, 82 S.W.2d 335, 337 (1935); Mann's Ex'r v. Leyman Motor Co., 234 Ky. 639, 28 S.W.2d 956, 957 (1930). The Kentucky high court has clearly stated in many decisions that it has adopted the Restatement (Second) of Torts approach to causation in tort, the cornerstone of which is the concept of "substantial factor." See Deutsch v. Shein, 597 S.W.2d 141, 143–44 (Ky.1980); House v. Kellerman, 519 S.W.2d 380, 382 (Ky.1975). See also Carlotta v. Warner, 601 F.Supp. 749, 752 (E.D.Ky. 1985); RESTATEMENT (SECOND) OF TORTS § 431 (1965). A primary principle in a substantial factor analysis (the principle which the plaintiffs have conveniently ignored in their analysis) is:

> To be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. ... this is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm.

RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965) (emphasis added). See also id. § 432(1) (quoted supra note 5).

▇▇ Under the evidence in this case the jury could, and probably did, believe that a catastrophic collision would have occurred, with similar or identical results to the occupants, even if the truck had not been parked on the shoulder. From pictures of the wrecked car, the jury could have inferred that the vehicle was traveling at an extremely high rate of speed. From photos of the terrain, the jury could have inferred that

---

4. Thus, the principal case on which plaintiffs rely is not applicable because it is a superseding cause case. See Britton v. Wooton, 817 S.W.2d 443 (Ky.1991).

5. "[T]he actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent." RESTATEMENT (SECOND) OF TORTS § 432(1) (1965).

6. In civil cases the court usually follows the state practice of giving only "bare bones" instructions. See 7 WILLIAM O. BERTELSMAN & KURT A. PHILIPPS, KENTUCKY PRACTICE Rule 51, author's comments 8 (4th ed. Supp.1992).

7. RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965). See also Deutsch v. Shein, 597 S.W.2d 141, 144 (Ky.1980), House v. Kellerman, 519 S.W.2d 380, 382 (Ky.1975); Carlotta v. Warner, 601 F.Supp. 749, 752 (E.D.Ky.1985).

plaintiff's vehicle would have rolled over repeatedly or smashed into one of cliffs that lined each side of the highway. The jury could have believed, and probably did, that when the plaintiff fell asleep traveling at a high rate of speed with the cruise control on, an accident of colossal and tragic proportions was inevitable and that the presence of the truck made no difference in the end result.

The plaintiffs had evidence and argument to the contrary, but they overlook that the jury rejected their contentions. The burden of proof was on plaintiffs, and the jury was unconvinced.

**The Jury Found That Plaintiffs Failed to Satisfy the "Substantial Factor" Test**

■ Even if the jury did find the presence of the truck was a cause in fact of the accident, it could still have found that it was not a substantial factor in causing it. *Restatement (Second) of Torts* § 433 reads:

**Considerations Important in Determining Whether Negligent Conduct is Substantial Factor in Producing Harm**

The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, *or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;*

(c) lapse of time.

RESTATEMENT (SECOND) OF TORTS § 433 (1965) (emphasis added).

Therefore, since the evidence was uncontradicted that the truck driver's parking on the shoulder "created a situation harmless unless acted upon by other forces for which

[the truck driver] was not responsible," the jury was free to conclude that the plaintiff driver's own negligence was so overwhelming as to negate the truck driver's negligence. *Cf. Carlotta v. Warner*, 601 F.Supp. 749, 753 (E.D.Ky.1985).

The law of Kentucky is quite clear that it was incumbent upon the plaintiffs here to convince the jury that the truck driver's conduct had "such an effect in producing the harm as to lead reasonable men [and women] to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility...." *See* RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965).

The jury could well have found that the plaintiff driver's negligence was the sole cause of the accident in the *popular* sense. This finding would be a sufficient reason, whatever the cause in fact finding had been, for the verdict that the trucker's negligence was not a substantial factor.[8]

Therefore, the motions before the court must be **DENIED**. An appropriate order has previously been entered.

---

**8.** The fact that a statutory violation by the trucker was involved makes no difference in the substantial factor analysis. *See Peak v. Barlow Homes, Inc.*, 765 S.W.2d 577, 578 (Ky.Ct.App. 1988), *discretionary review denied* (1989); *see also* 1 ARTHUR BEST, COMPARATIVE NEGLIGENCE § 5.10[3] (1993); 3 FOWLER V. HARPER, ET AL., THE LAW OF TORTS § 17.6 (2d ed. 1986).